J-S09019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HEATH G. QUICK | : | |
| | : | |
| Appellant | : | No. 1308 MDA 2017 |

Appeal from the PCRA Order August 17, 2017
In the Court of Common Pleas of Centre County Criminal Division at No(s):
CP-14-CR-0002037-1999

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY MCLAUGHLIN, J.:                 **FILED APRIL 23, 2018**

Heath G. Quick appeals from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On August 11, 2000, Quick pled guilty to first-degree murder, criminal conspiracy, and robbery.[1] He was 20 years old when he committed the crimes. The trial court sentenced Quick to the mandatory term of life imprisonment without the possibility of parole. Quick filed a timely notice of appeal, but on May 3, 2001, he discontinued the appeal.

He then filed two PCRA petitions. First, on August 27, 2012, Quick filed a PCRA petition seeking relief under **Miller v. Alabama**, 567 U.S. 460

---

*   Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 903(a), and 3701(a)(1)(i), respectively.

(2012), which held that a sentence of life imprisonment without the possibility of parole for defendants under the age of 18 at the time of the crime was unconstitutional. The PCRA court denied the petition and this Court affirmed.

Quick filed a second PCRA petition on March 24, 2016, seeking relief under ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), which held that ***Miller*** applies retroactively to cases on collateral review. The PCRA court dismissed the petition and this Court affirmed.

Quick then filed the petition that is the subject of this appeal. On July 27, 2017, he filed a so-called "Petition for Writ of *Habeas Corpus* Relief Pursuant to Arti[cle] I, Sections 14 & 28 of the Pennsylvania Constitution for Post Conviction Relief Pursuant to the PCRA Act, 42 Pa.C.S.A. § 9541 Et. Seq, and Consolidated Constitutional Memorandum [of] Law in Support." In this petition, Quick sought permission to file a successive PCRA petition. He argued he would be entitled to relief because he was sentenced to a mandatory sentence of life imprisonment, which, he maintained, was unconstitutional under ***Alleyne v. United States***, 570 U.S. 99 (2013), and its progeny.

On August 1, 2017, the PCRA court denied the petition. Quick filed a timely notice of appeal, and he raises the following issue:

> Whether the PCRA court conducted a reasonable and independent investigation before denying [Quick's] PCRA petition[] as untimely and without merit[]?

Quick's Br. at 1 (unnecessary capitalization omitted).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

We do not reach the merits of Quick's arguments because his petition was untimely. **See Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super. 2015). The petition should have been treated as a PCRA petition because Quick's claims are cognizable under the PCRA, if presented in a timely petition. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013) However, the lower court's treatment of the petition as a petition for a writ of *habeas corpus* was at most harmless error because, when construed as a PCRA petition, the petition was untimely. **See id.** at 468. Admittedly, the lower court did not provide Quick notice of its intent to dismiss the petition without a hearing, pursuant to Pennsylvania Rule of Criminal Procedure 907, but this error was also at most harmless error. It is clear from the record that the petition is untimely, as explained below. **See Commonwealth v. Pursell**, 749 A.2d 911, 917 n.7 (Pa. 2000) (noting lower court error in dismissing petition without Rule 907 notice, but affirming because appellant failed to plead and prove any exception to time-bar).

Quick's petition was patently untimely under the PCRA. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Quick's judgment of sentence became final on May 3, 2001, when he filed a praecipe to discontinue his appeal. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa.Super. 2008) (finding judgment of sentence final on date that appellant discontinued appeal). Therefore, his current PCRA petition filed on July 27, 2017, is facially untimely.

The untimeliness of his PCRA petition deprives the courts of jurisdiction unless Quick pleaded and proved at least one of the following exceptions to the PCRA time-bar: (i) unconstitutional interference by government officials with the presentation of the claim; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, he must have filed the petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Quick maintains that two exceptions to the time-bar apply: the governmental interference exception, and the newly recognized, retroactive constitutional right exception. He relies on the decisions in **Alleyne**; **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015); and

*Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016); to argue that his mandatory life sentence for first degree murder[2] was unconstitutional.

Neither the government-interference exception nor the new constitutional right exception applies here. Quick waived his argument that the government-interference exception excuses his late PCRA petition because he failed to raise the exception in his PCRA petition. *See Commonwealth v. Williams*, 899 A.2d 1060, 1066 n.5 (Pa. 2006). Further, even if he had preserved the claim, it lacks merit. To establish the governmental interference exception, a petitioner must prove that his "failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). Here, Quick fails to identify any "interference by government officials" or explain how any such "interference" prevented him from filing a timely PCRA petition.

Quick also fails to establish that the new constitutional right exception applies. The exception requires the petitioner plead and prove, among other things, that "the right asserted . . . has been held by [the Supreme Court of

---

[2] Section 1102 of the Crimes Code requires a sentence of life imprisonment or death upon a conviction of first-degree murder. 18 Pa.C.S.A. § 1102. Section 9711 of the Sentencing Code provides the procedure used to determine whether the defendant will be sentenced to life imprisonment or death. 42 Pa.C.S.A. § 9711. Because Quick pled guilty, the Commonwealth withdrew its intention to seek the death penalty. N.T., 8/11/2000, at 3.

the United States or the Supreme Court of Pennsylvania] to apply retroactively." Quick's argument fails because **Alleyne** does not apply retroactively. **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).[3]

Accordingly, we conclude that the trial court did not err in denying Quick's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:04/23/18

---

[3] Furthermore, because Quick's mandatory sentence of life imprisonment was based on his conviction, and not on any "aggravating fact," the sentence was not unconstitutional under **Alleyne**. **See Commonwealth v. Resto**, --- A.3d ----, 2018 WL 988872, at *2 (Pa. filed Feb. 21, 2018) (upholding judgment of sentence where mandatory minimum was based on conviction); **see also** 18 Pa.C.S. § 1102(a) ("[A] person who has been convicted of a murder of the first degree . . . shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711").